UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MARIANO MEDRANO-ARZATE, ) | CASE NO.  4:10 CV1133 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| R.  RUSHING, ) | |
| ) | |
| Respondent. ) | |

*Pro se* petitioner Mariano Medrano-Arzate filed the above-captioned petition on May 20, 2010 pursuant to 28 U.S.C. § 2241.  Mr. Medrano-Arzate, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, names N.E.O.C.C. Warden Roddy Rushing as respondent.  Petitioner claims his sentence expired on or about May 2008, and seeks immediate release.

## *Background*

On December 31, 2004, an Okeechobee County Florida Sheriff's Deputy arrested Mr. Medrano-Arzate.  The arrest resulted from a fugitive warrant issued by the State of North Carolina, where Mr. Medrano-Arzate was indicted in 1999 for trafficking in cocaine.  *See North Carolina v. Medrano-Arzate*, No. 99CRS021176. While in state custody, a criminal complaint was filed against

petitioner in the United States District Court for the Southern District of Florida. *See United States v. Medrano-Azarte*, No. 2:05cr14005-001 (S.D. Fl. filed Jan. 4, 2005). The federal court issued a *writ of habeas corpus ad prosequendum* on January 7, 2005 summoning petitioner to appear before the United States District Court for Southern District of Florida. The complaint charged petitioner with conspiracy to possess with intent to distribute 50 kilograms or more of marijuana.

Mr. Medrano-Arzate subsequently plead guilty to violating 21 U.S.C. § 846. On May 25, 2005, the court sentenced him to serve 48 months in prison, followed by three years of supervised release. Petitioner claims he was sent to the Federal Correctional Center in Yazoo City, Mississippi "for around 4 months (June-October/2005)." (Pet.at 2.)

A copy of a Judgment and Commitment (J&C) issued by the State of North Carolina indicates petitioner was sentenced on January 4, 2006 to serve 35 to 42 months in prison for trafficking in cocaine. *See North Carolina v. Medrano-Arzate*, No. 99CRS021176. The state court ordered his sentence to run concurrent with the "sentence defendant is now serving in federal prison." *Id.* (J&C of 1/4/06, at 2.) Mr. Medrano-Arzate was then sent to a state prison in North Carolina, where he served a 36 month state sentence. On January 19, 2009, petitioner was released by the state prison and transferred to N.E.O.C.C. in Youngstown, Ohio.

During a unit team interview at N.E.O.C.C. on April 28, 2009, petitioner learned his projected release date was July 14, 2012. Moreover, the "full term of my federal sentence is January 18, 2013; and . . . MY TOTAL PRIOR CREDIT TIME IS CERO [sic]." (Pet. at 3.) He claims these dates are completely erroneous because they fail to consider time he already spent in federal prison.

On August 25, 2009, Mr. Medrano-Arzate filed an Informal Resolution form at

N.E.O.C.C. complaining his sentence was erroneously calculated. A staff member responded on September 8, 2009, as follows:

> You were arrested 12-31-2004 by Okeechobee Co. Florida Sheriff's deputies on a warrant out of North Carolina. On 01-13-2005 you were received in federal custody on a federal wait and sentenced 05-25-05 to 48 months and on 10-14-05 returned to Okeech Co. Jail. You then remained in state custody until released from your state sentence 01-19-2009. The federal court has been contacted in regards to running your federal sentence concurrent to your state sentence.

(Pet.'s Ex. 4, N.E.O.C.C. Inf. Res.) Petitioner filed a formal grievance, dated September 15, 2009, wherein he claimed federal and state regulations were being violated by his continued incarceration. (Pet.'s Ex. 5.) Arguing his federal sentence expired May 2008, petitioner sought immediate release. Prison staff annotated the grievance with a response dated October 9, 2009. Again, Mr. Medrano-Arzate was assured the federal court had been contacted regarding whether his federal sentence should have run concurrent to his state sentence.[1]

      Mr. Medrano-Arzate appealed his grievance to the Warden, who denied his request on October 26, 2009. A subsequent appeal to the Regional Administrative Office was partially granted on December 19, 2009. The BOP's Privatization Management Branch Administrator, James Burrell, determined petitioner was in exclusive federal custody from January 15, 2005 until January 3, 2006. In compliance with BOP Program Statement § 5880.28 and 18 U.S.C. § 3585(b), Mr.

---

[1] Before a response was received from the sentencing court, Mr. Medrano-Arzate filed a petition for writ of habeas in this court on October 26, 2009. The petition was dismissed on January 26, 2010, without prejudice, for failure to exhaust administrative remedies. *Medrano-Arzate v. Rushing*, No. 4:09cv2513 (N.D. Ohio 2009).

Burrell credited that time period to petitioner's federal sentence.  His new release date was adjusted to July 26, 2011, "via GCT Release." (Pet.'s Ex. #7, Letter of 12/19/09 from Burrell to Medrano-Arzate.)  Petitioner was advised he could appeal the decision if dissatisfied.  Mr. Medrano-Arzate did appeal to National Inmate Appeals Administrator Harrell Watts.  Petitioner requested that his federal sentence run concurrent with his state sentence, *nunc pro tunc*.  Mr. Watts explained that the designation of a state institution for the service of his federal sentence was evaluated pursuant to 18 U.S.C. § 3621(b).  Reviewing the relevant factors under that statute, the BOP concluded, under factor (4):

> the federal Judgement was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to 18 U.S.C. § 3584(a), 'multiple terms of imprisonment imposed at different times run consecutively, unless the court orders that the terms are to run concurrently.' Nevertheless, the federal sentencing court was contacted for a statement concerning its position on a retroactive designation. A response was received from the Honorable K. Michael Moore, U.S. District Judge, Southern District of Florida which states 'I do not favor a retroactive designation.'

(Id.)  Based on these facts Mr. Watts denied petitioner's appeal.  The petition before this court was then filed.

### *Standard of Review*

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" 28 U.S.C. § 2243 (emphasis added).  Based on an initial review of the petition, petitioner is not entitled to an award of the writ.

### *Exhaustion*

In keeping with relevant precedent, Mr. Medrano-Arzate has fully exhausted his administrative remedies and the matter is ripe for review. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938); *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th ("Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts")(quoting *Taylor v. United States*, No. 95-5150,1995 WL 460512 (6th Cir. Aug. 2, 1995)). Unlike petitioner's prior habeas petition in this Court, the District Court of Southern Florida has also had the opportunity to address its intent at the time it imposed its sentence on petitioner.

### *Sentencing Credit*

Mr. Medrano-Arzate asserts he has fully served his federal sentence. He believes his 48 month federal sentence commenced on the date it was imposed, or May 25, 2005. Thus, he challenges the BOP's determination that his sentence did not begin until January 19, 2009, the date his state sentence ended.

Petitioner's assertions are based on the presumption that his federal prison term commenced on the date he was sentenced. This is not the rule of federal law, which dictates that a prison term sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). After Mr. Medrano-Azarte's federal sentence was imposed, he remained in federal custody until the imposition of his state sentence on January 6, 2006. It was from this point until January 19, 2009 that petitioner was in exclusive state custody. Petitioner is not entitled to federal sentence credit for time he spent in state custody, because the time he spent in state custody was in service to his state sentence. *See* 18

U.S.C. § 3585(b)(only entitled to credit toward the service of a term of imprisonment "that has not been credited against another sentence.").

Moreover, the fact that the state court may have directed petitioner's sentence to run concurrent with his federal sentence is not binding on the federal sentence. *See Hawley v. United States*, 898 F.2d 1513, 1514 (11th Cir.1990) (per curiam). Here, the state of North Carolina apparently chose to circumvent the wishes of the state court judge by incarcerating him before his federal sentence began to run. *See Pinaud v. James*, 851 F.2d 27, 31 (2d Cir.1988). Although the state sentencing judge allegedly intended the state sentence to be concurrent to petitioner's federal sentence, courts have uniformly held that a defendant's federal sentence is in no way legally affected if a state chooses to incarcerate the defendant before the federal sentence has commenced to run. *See Pinaud*, 851 F.2d at 31; *Opela v. United States*, 415 F.2d 231, 232 (5th Cir.1969) (per curiam). Here, the United States Marshal's Service presumably lodged a detainer against petitioner in state prison; however, the state did not then remand Mr. Medrano-Arzate to federal custody so that the state sentencing judge's intention might be carried out. Even if the state released petitioner to federal authorities before his state sentence was completed, the federal government has no duty to accept the prisoner unless it was part of his federal plea bargain. *Jake v. Herschberger*, 173 F.3d 1059, 1066 (7th Cir.1999).

The federal district court was silent at sentencing as to whether petitioner's term of imprisonment was to run concurrently or consecutively to any later imposed sentence. The Sixth Circuit has interpreted 18 U.S.C. § 3584(a) to provide that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *United States v. Quintero*, 157 F.3d 1038, 1040 (6th Cir. 1998); *see also Taylor v. Reno*, 164 F.3d

440, 447 (9th Cir.1998), *cert. denied*, 527 U.S. 1027 (1999) ("a federal district court lacks discretion to order a federal sentence to run concurrently with a state court sentence imposed after entry of the defendant's federal guilty plea").[2] Thus, the law in this circuit presumes multiple sentences will run consecutively unless expressly ordered otherwise.

Finally, the BOP considered retroactively designating the state prison as the place for Mr. Medrano-Arzate to serve his federal sentence pursuant to P.S. 5160.03. When the BOP queried the Southern District Court of Florida to determine its intent, Judge Moore expressly disfavored a retroactive designation. Because the law favors the imposition of a consecutive sentence when no designation is made by the trial court, *Quintero*, 157 F.3d at 1040, there is no basis upon which this court could set aside the BOP's determination that petitioner's federal sentence commenced on the date he was relinquished to federal authorities, or January 19, 2009.

### *Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. §2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   /s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Date: 7/19/10

---

[2] *Quintero* held that "[s]ection 3584(a) only authorizes district courts to impose concurrent or consecutive sentences if the court either imposes multiple terms of imprisonment on the defendant at the same time or imposes a sentence on a defendant who is 'already subject to an undischarged term of imprisonment."